IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

CMFG LIFE INSURANCE COMPANY,     *
                                                                 *
     Plaintiff,                        *
                                                                  *
     v.                                  *      CV 319-036
                                                                  *
JONATHAN SEAY, Individually and   *
as Administrator of the Estate     *
of Lewis E. Seay, Jr., DAVID      *
A. SEAY, SARAH LOU WHITE, and      *
JAEL M. CONNOR,                  *
                                                                  *
     Defendants.                     *

## O R D E R

On May 3, 2019, Plaintiff CMFG Life Insurance Company filed its complaint in interpleader pursuant to Federal Rule of Civil Procedure 22. The lawsuit concerns an accidental death and dismemberment policy, Policy No. V1030064, issued by Plaintiff on the life of the insured, Lewis E. Seay, Jr. The designated beneficiary of the Policy is Defendant Jonathan Seay, the brother of Lewis E. Seay, Jr. The Policy was issued on February 1, 2016; Lewis E. Seay, Jr. was killed from a gunshot wound on June 1, 2016.

On May 22, 2019, Defendant Jonathan Seay filed an Answer and Counterclaim, asserting claims of breach of contract and bad faith against Plaintiff for its failure to timely pay the death benefits to him. The other Defendants, Lewis E. Seay, Jr.'s other siblings,

filed a joint Answer on June 5, 2019, whereby they disclaim any interest in the insurance proceeds and further plead that Jonathan Seay is entitled to the proceeds.

On June 13, 2019, the Court granted Plaintiff's motion for leave to deposit into the Registry of the Court the sum of $301,165.00, representing the accidental death benefit. (Doc. No. 18, "Order of Deposit.") On June 24, 2019, however, Plaintiff filed a motion for relief from the Order of Deposit, seeking to file an amended complaint and to avoid depositing the insurance proceeds into the Court's registry. Plaintiff explains that it learned on June 13, 2019, the date the Court entered the Order of Deposit, that Jonathan Seay had been arrested for insurance fraud by federal authorities just three days earlier.[1]

Though the charges involved in the federal indictment against Jonathan Seay are not related to the subject Policy in this case, Plaintiff states that it now believes that Jonathan Seay may have obtained the subject Policy without the knowledge or consent of

---

[1] Jonathan Seay appeared before this Court on June 11, 2019, and entered a not guilty plea to twenty-two counts of wire fraud, violations of 18 U.S.C. § 1343, and one count of aggravated identity theft, a violation of 18 U.S.C. § 1028A. United States v. Seay, Case No. 3:19-CR-007 (S.D. Ga. Jun. 4, 2019).

2

his brother, Lewis E. Seay, Jr., and if proven, the Policy would be void *ab initio*. Plaintiff maintains that Jonathan Seay remains a suspect in his brother's death and now, upon also learning that he has been accused of procuring a life insurance policy on a woman he met at church without her knowledge or consent, Plaintiff wishes to amend the complaint to add a declaratory judgment claim that the subject Policy is invalid and unenforceable.

Under Federal Rule of Civil Procedure 15(a)(2), the district court should "freely give leave [to amend the complaint] when justice so requires." Yet, "[a] district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny such leave where there is substantial ground for doing so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit

3

denial." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).

Here, there are no allegations of undue delay,[2] bad faith or a dilatory motive, and this would be the complaint's first amendment. Also, it is difficult to discern any prejudice that would befall Defendants since the case is in its infancy.[3] Nevertheless, Defendant Jonathan Seay opposes the motion to amend the complaint based upon futility. He contends that the proposed amended complaint would not withstand a motion to dismiss. He argues that the criminal allegations in the federal indictment bear no relation to the procurement of the subject Policy in this

---

[2] Defendant Jonathan Seay argues that allowing an amended complaint would cause undue delay in his receiving the insurance proceeds, for which he has already waited almost three years. Any unwarranted delay, however, is adequately covered by Jonathan Seay's counterclaims for breach of contract and bad faith. Moreover, the undue delay to which the case law refers relates to the plaintiff's diligence in seeking the amendment in the context of a pending case; in this case, Plaintiff filed its motion to amend the complaint within days of learning additional facts that may bear on the case.

[3] The Court notes that Jonathan Seay vigorously contests Plaintiff's claim that it did not know the extent of the FBI's investigation or suspicion of Jonathan Seay's involvement in insurance fraud until he was arrested. The Court need not resolve this dispute because there is no prejudice to Defendants in allowing the amendment so early in the case.

4

case, and therefore Plaintiff cannot reasonably rely upon these allegations to establish its claim that the subject Policy is void *ab initio*.

In this context, the futility threshold requires application of the motion to dismiss standard. <u>Austin v. Caliber Home Loans</u>, 2019 WL 2306116, *2 (N.D. Ga. 2019); <u>Fletcher v. Great Am. Ins. Co.</u>, 2010 WL 11507440, *3 (M.D. Fla. 2010). That is, "[a]n amendment is futile where the complaint as amended would still be subject to dismissal." <u>Cox v. Mills</u>, 465 F. App'x 885, 889 (11th Cir. 2012).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has provided additional guidance to the Rule 8(a) analysis in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). Pursuant to the <u>Twombly/Iqbal</u> paradigm, to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). To be

plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

Here, Plaintiff is seeking a declaratory judgment that the subject insurance policy did not meet the requirements of O.C.G.A. § 33-24-6(a) and is therefore void *ab initio*. Section 33-24-6(a) provides in pertinent part: "No life . . . insurance contract upon an individual . . . shall be made or effectuated unless at the time of the making of the contract the individual insured, being of competent legal capacity to contract, applies for a life . . . insurance contract or consents in writing to the contract . . . ." In Wood v. N.Y. Life Ins. Co., 336 S.E.2d 806, 809 (Ga. 1985), the Georgia Supreme Court held that § 33-24-6(a) is an expression of the public policy of Georgia that "a valid policy of insurance may not be issued on the life of an adult without the knowledge and consent of the person insured." By this statute, the insured must either apply for the insurance or consent thereto in writing. Id. at 809-10. Further, the failure of an insured to sign a policy or consent in writing renders the policy void *ab initio* as against public policy. Time Insurance Co. v. Lamar, 393

S.E.2d 734, 735 (Ga. Ct. App. 1990) (citing Wood, 336 S.E.2d at 806)).

In the Amended Complaint, Plaintiff alleges that upon information and belief, the insured, Lewis E. Seay, Jr., "did not consent to and/or was unaware of the application for and issuance of the Policy." (Proposed Am. Compl. ¶ 1, Doc. No. 22, Ex. A.) In factual support of this allegation, Plaintiff alleges that the Enrollment Summary has Jonathan Seay's contact email and telephone number and that the premiums were paid by Jonathan Seay's credit card. (Id. ¶¶ 12-14.) The insured was killed only months after issuance of the policy, and Jonathan Seay remains a suspect in his homicide. (Id. ¶¶ 16, 22.) Further, Plaintiff alleges that Jonathan Seay was recently arrested for insurance fraud and identity theft when he applied for a policy of insurance as the purported brother of a woman he met at church. (Id. ¶ 17.) Upon consideration of these allegations, the Court concludes that Plaintiff has asserted sufficient facts to make plausible a claim that Plaintiff may have procured the subject insurance Policy without the knowledge or consent of his actual brother, Lewis E. Seay, Jr. Put another way, from these facts, the Court infers more than the mere possibility of misconduct by Jonathan Seay.

7

Upon the foregoing, the Court will allow Plaintiff to file its Amended Complaint. Accordingly, Plaintiff's Motion for Leave to File Amended Complaint and for Relief from Order (doc. no. 21) is **GRANTED**. The Order of Deposit dated June 13, 2019, directing Plaintiff to deposit the insurance proceeds into the Registry of the Court (doc. no. 18), is hereby **VACATED**. Further, Plaintiff is directed to file and serve the Amended Complaint within fourteen (14) days hereof.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of August, 2019.

*/s/ Dudley H. Bowen, Jr.*
UNITED STATES DISTRICT JUDGE